#37398                                                                File No.: J4045

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, | ) ) ) ) | 2010L009235 CALENDAR/ROOM D TIME 00:00 Medical Malpractice |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: |
| ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, HOWARD GRUNDY, M.D., MELVIN MERRITT, M.D., CHARLES LAMPLEY, M.D., and SINAI HEALTH SYSTEM, an Illinois not-for-profit corp., d/b/a MT. SINAI HOSPITAL, | ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | |

## COMPLAINT

NOW COMES the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, by and through their attorney, JAMES A. KARAMANIS of ZANE D. SMITH & ASSOCIATES, LTD. and complaining of Defendants, ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, HOWARD GRUNDY, M.D., MELVIN MERRITT, M.D., CHARLES LAMPLEY, M.D., and SINAI HEALTH SYSTEM, an Illinois not-for-profit corp. d/b/a MT. SINAI HOSPITAL, states as follows:

### COUNT I

1. That during the year 2008, and at all times relevant herein, Defendant, ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, (hereinafter "ACHN"), was engaged in the business of offering clinical care and services in the City of Chicago Heights, County of Cook, and State of Illinois and engaged on its staff various physicians, nurses, employees and other personnel.

2. That Defendant, ACHN, holds itself out, and otherwise informs the public, and more particularly, in the instance of the Plaintiff, that it had and possessed the requisite skill, know-how, facilities, personnel, equipment and information to properly care for and treat the Plaintiff, LORI RICE.

3. That in or about July of 2008, and prior and subsequent thereto, the Plaintiff LORI RICE, entrusted herself entirely to the care of the Defendant, ACHN, and its various employees, including the nurses and technical staff, as aforesaid; that she possessed no medical or professional medical knowledge, nor did she have the facilities to care for, mend or cure herself.

4. That at all times material herein, the Plaintiff, LORI RICE, was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

5. That it then and there became and was the duty of the Defendant, ACHN, by and through its duly authorized agents, servants, nurses, technicians and/or employees, including but not limited to, the Defendant, HOWARD GRUNDY, M.D., (hereinafter "GRUNDY"), to render medical services consistent with the medical requirements of the patients therein, and so as not to cause injury to said patients, including the Plaintiff herein.

6. That at all times mentioned herein, the Defendant, GRUNDY, was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

7. That at all times mentioned herein, the Defendant, GRUNDY, was an agent, servant and/or employee of the Defendant, ACHN, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment or agency.

8. That at all times mentioned herein, the Defendant, MELVIN MERRITT, M.D., (hereinafter "MERRITT"), was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

9. That at all timed mentioned herein, the Defendant, MERRITT, was an agent, servant and/or employee of the Defendant, ACHN, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment or agency.

2

10. That at all times mentioned herein, the Defendant, CHARLES LAMPLEY, M.D., (hereinafter "LAMPLEY"), was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

11. That at all timed mentioned herein, the Defendant, LAMPLEY, was an agent, servant and/or employee of the Defendant, ACHN, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment or agency.

12. That during said treatment at ACHN as aforesaid, and for some time prior and subsequent thereto, the Defendant, GRUNDY, individually, and as agent, servant and/or employee of the Defendant, ACHN, in his professional capacity as aforesaid, while acting in the scope of his employment, did then and there have come under their care and did attend to and treat the Plaintiff from July of 2008 through November of 2008.

13. That there was a duty on the part of the Defendant, GRUNDY, individually, and as agent, servant and/or employee of the Defendant, ACHN, to diagnose and treat the Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Chicagoland area in the year 2008, and to exercise that degree of care and caution commonly exercised by other members of their profession in the community.

14. That after assuming the care and treatment of the Plaintiff, the Defendant, ACHN, by and through its duly authorized agents, servants and/or employees, including but not limited to Defendant, GRUNDY, and by and through its other duly authorized agents, servants, nurses, physicians and technicians, was then and there guilty of one or more of the following wrongful acts and/or omissions in treating the Plaintiff:

    (a) Carelessly and negligently failed to adequately evaluate Plaintiff's illness;
    (b) Carelessly and negligently provided inadequate prenatal care and treatment to Plaintiff by not timely performing a cerclage resulting in premature labor and delivery which caused the death of the child;
    (c) Carelessly and negligently failed to render hospital services consistent with the medical needs of the Plaintiff;
    (d) Carelessly and negligently failed to review the work and qualifications of persons on its staff, namely, Defendant, Dr. Grundy, and its nursing personnel and technical staff, and each of them;
    (e) Carelessly and negligently employed and engaged incompetent and unskilled personnel, namely Defendant, Dr. Grundy, and its nursing personnel and technical staff;

3

(f) Carelessly and negligently failed to check the qualifications of doctors and personnel it employed and engaged on its staff, namely, Defendant, Dr. Grundy, and its nursing personnel and technical staff;

(g) Carelessly and negligently cancelled Plaintiff's appointment for a cerclage and inappropriately re-scheduled it past the date recommended for the procedure, resulting in premature labor and delivery which caused the death of the child;

(h) Failed to provide adequate facilities, instruments and personnel for the care and treatment for Plaintiff's prenatal care;

(i) Carelessly and negligently, improperly and unskillfully treaded the Plaintiff;

(j) Carelessly and negligently failed to intervene on behalf of the Plaintiff to see that proper and adequate medical care and attention was being given to the Plaintiff;

(k) Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's condition of ill-being;

(l) Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable with their profession.

15. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, ACHN, by and through its duly authorized agents, servants and/or employees including but not limited to Defendant, GRUNDY, the Plaintiff, LORI RICE was then and there injured both internally and externally; that she suffered severe and permanent injuries; that she suffered from the loss of her child, Miriam; that Plaintiff, LORI RICE sustained severe shock and damage to her nervous system and other systems of her body; that she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

16. That the Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

**WHEREFORE,** Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court that a Judgment be entered in their favor and against the Defendant, ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation by and through its duly authorized agents, servants and/or employees, including but not limited to Defendant GRUNDY, in an amount in excess of $50,000.00 plus Plaintiffs' costs herein as well as such further and other relief for Plaintiffs as this Honorable Court deems just and equitable in the premises.

4

## COUNT II

1-16. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 16 of Count I as paragraphs 1 through 16 of Count II as though fully set forth herein.

17. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation by and through its duly authorized agents, servants and/or employees, Decedent suffered excruciating pain and mental anguish which, pursuant to 755 ILCS 5/27-6 the cause of action resulting from said pain and suffering has survived Decedent's death.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in her favor and against Defendant ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT III

1-17. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 17 of Count II as paragraphs 1 through 17 of Count III as though fully set forth herein.

18. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, ACCESS COMMUNITY HEALTH NETWORK, MARIAM MOCZULEWSKI sustained ill health, hereinabove set forth, from which she died on November 10, 2008

19. That by reason of Decedent's wrongful death, Decedent's Estate has sustained a substantial pecuniary loss as well as a substantial loss of society and services.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

# COUNT IV

1-19. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 19 of Count III as paragraphs 1 through 19 of Count IV as though fully set forth herein.

20. That during the year 2008, and at all times relevant herein, Defendant, SINAI HEALTH SYSTEM, an Illinois not-for-profit corp. d/b/a MT. SINAI HOSPITAL, (hereinafter "MSH"), was engaged in the business of offering clinical care and services in the City of Chicago, County of Cook, and State of Illinois and engaged on its staff various physicians, nurses, employees and other personnel.

21. That Defendant, MSH, holds itself out, and otherwise informs the public, and more particularly, in the instance of the Plaintiff, that it had and possessed the requisite skill, know-how, facilities, personnel, equipment and information to properly care for and treat the Plaintiff, LORI RICE.

22. That in or about July of 2008, and prior and subsequent thereto, the Plaintiff LORI RICE, entrusted herself entirely to the care of the Defendant, MSH, and its various employees, including the nurses and technical staff, as aforesaid; that she possessed no medical or professional medical knowledge, nor did she have the facilities to care for, mend or cure herself.

23. That at all times material herein, the Plaintiff, LORI RICE, was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

24. That it then and there became and was the duty of the Defendant, MSH, by and through its duly authorized agents, servants, nurses, technicians and/or employees, including but not limited to, the Defendant, GRUNDY, to render medical services consistent with the medical requirements of the patients therein, and so as not to cause injury to said patients, including the Plaintiff herein.

25. That at all times mentioned herein, the Defendant, GRUNDY, was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

26. That at all times mentioned herein, the Defendant, GRUNDY, was an agent, servant and/or employee of the Defendant, MSH, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment.

# COUNT IV

1-19. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 19 of Count III as paragraphs 1 through 19 of Count IV as though fully set forth herein.

20. That during the year 2008, and at all times relevant herein, Defendant, SINAI HEALTH SYSTEM, an Illinois not-for-profit corp. d/b/a MT. SINAI HOSPITAL, (hereinafter "MSH"), was engaged in the business of offering clinical care and services in the City of Chicago, County of Cook, and State of Illinois and engaged on its staff various physicians, nurses, employees and other personnel.

21. That Defendant, MSH, holds itself out, and otherwise informs the public, and more particularly, in the instance of the Plaintiff, that it had and possessed the requisite skill, know-how, facilities, personnel, equipment and information to properly care for and treat the Plaintiff, LORI RICE.

22. That in or about July of 2008, and prior and subsequent thereto, the Plaintiff LORI RICE, entrusted herself entirely to the care of the Defendant, MSH, and its various employees, including the nurses and technical staff, as aforesaid; that she possessed no medical or professional medical knowledge, nor did she have the facilities to care for, mend or cure herself.

23. That at all times material herein, the Plaintiff, LORI RICE, was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

24. That it then and there became and was the duty of the Defendant, MSH, by and through its duly authorized agents, servants, nurses, technicians and/or employees, including but not limited to, the Defendant, GRUNDY, to render medical services consistent with the medical requirements of the patients therein, and so as not to cause injury to said patients, including the Plaintiff herein.

25. That at all times mentioned herein, the Defendant, GRUNDY, was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

26. That at all times mentioned herein, the Defendant, GRUNDY, was an agent, servant and/or employee of the Defendant, MSH, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment.

27. That at all times mentioned herein, the Defendant, MERRITT, was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

28. That at all timed mentioned herein, the Defendant, MERRITT, was an agent, servant and/or employee of the Defendant, ACHN, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment.

29. That at all times mentioned herein, the Defendant, LAMPLEY, was a physician duly licensed in the practice of his profession in the City of Chicago Heights, County of Cook and the State of Illinois.

30. That at all timed mentioned herein, the Defendant, LAMPLEY, was an agent, servant and/or employee of the Defendant, ACHN, and as such practiced his profession in the facilities of the Defendant clinic pursuant to his employment.

31. That during said treatment at MSH as aforesaid, and for some time prior and subsequent thereto, the Defendant, GRUNDY, individually, and as agent, servant and/or employee of the Defendant, MSH, in his professional capacity as aforesaid, while acting in the scope of his employment, did then and there have come under their care and did attend to and treat the Plaintiff from July of 2008 through November of 2008.

32. That there was a duty on the part of the Defendant, GRUNDY, individually, and as agent, servant and/or employee of the Defendant, MSH, to diagnose and treat the Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Chicagoland area in the year 2008, and to exercise that degree of care and caution commonly exercised by other members of their profession in the community.

33. That after assuming the care and treatment of the Plaintiff, the Defendant, MSH, by and through its duly authorized agents, servants and/or employees, including but not limited to Defendant, GRUNDY, and by and through its other duly authorized agents, servants, nurses, physicians and technicians, was then and there guilty of one or more of the following wrongful acts and/or omissions in treating the Plaintiff:

    (a) Carelessly and negligently failed to adequately evaluate Plaintiff's illness;

    (b)    Carelessly and negligently provided inadequate prenatal care and treatment to Plaintiff by not timely performing a cerclage resulting in premature labor and delivery which caused the death of the child;

    (c)    Carelessly and negligently failed to render hospital services consistent with the medical needs of the Plaintiff;

    (d)    Carelessly and negligently failed to review the work and qualifications of persons on its staff, namely, Defendant, Dr. Grundy, and its nursing personnel and technical staff, and each of them;

    (e)    Carelessly and negligently employed and engaged incompetent and unskilled personnel, namely Defendant, Dr. Grundy, and its nursing personnel and technical staff;

    (f)    Carelessly and negligently failed to check the qualifications of doctors and personnel it employed and engaged on its staff, namely, Defendant, Dr. Grundy, and its nursing personnel and technical staff;

    (g)    Carelessly and negligently cancelled Plaintiff's appointment for a cerclage and inappropriately re-scheduled it past the date recommended for the procedure, resulting in premature labor and delivery which caused the death of the child;

    (h)    Failed to provide adequate facilities, instruments and personnel for the care and treatment for Plaintiff's prenatal care;

    (i)    Carelessly and negligently, improperly and unskillfully treaded the Plaintiff;

    (j)    Carelessly and negligently failed to intervene on behalf of the Plaintiff to see that proper and adequate medical care and attention was being given to the Plaintiff;

    (k)    Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's condition of ill-being;

    (l)    Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable with their profession.

34.    That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, MSH, by its duly authorized agents, servants and/or employees of Defendant, GRUNDY, the Plaintiff, LORI RICE was then and there injured both internally and externally; that she suffered severe and permanent injuries; that she suffered from the loss of her child, Miriam; that Plaintiff, LORI RICE sustained severe shock and damage to her nervous system and other systems of her body; that she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

35.    That the Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

WHEREFORE, Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court that a Judgment be entered in their favor and against the Defendant, SINAI HEALTH SYSTEM, an Illinois not-for-profit corporation d/b/a MT. SINAI HOSPITAL, by and through its duly authorized agents, servants and/or employees including but not limited to GRUNDY in an amount in excess of $50,000.00 plus Plaintiffs' costs herein as well as such further and other relief for Plaintiffs as this Honorable Court deems just and equitable in the premises.

## COUNT V

1-35. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 35 of Count IV as paragraphs 1 through 35 of Count V as though fully set forth herein.

36. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, SINAI HEALTH SYSTEM, an Illinois not-for-profit corporation d/b/a MT. SINAI HOSPITAL, by and through its duly authorized agents, servants and/or employees Decedent suffered excruciating pain and mental anguish which, pursuant to *755 ILCS 5/27-6* the cause of action resulting from said pain and suffering has survived Decedent's death.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, SINAI HEALTH SYSTEM, an Illinois not-for-profit corporation d/b/a MT. SINAI HOSPITAL in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT VI

1-36. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 36 of Count V as paragraphs 1 through 36 of Count VI as though fully set forth herein.

37. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, MT. SINAI HOSPITAL, MARIAM MOCZULEWSKI sustained ill health, hereinabove set forth, from which she died on November 10, 2008

38. That by reason of Decedent's wrongful death, Decedent's Estate has sustained a substantial pecuniary loss as well as a substantial loss of society and services.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, SINAI HEALTH SYSTEM, an Illinois not-for-profit corporation d/b/a MT. SINAI HOSPITAL, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT VII

1-38. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 38 of Count VI as paragraphs 1 through 38 of Count VII as though fully set forth herein.

39. That during the year 2008, and at all times relevant herein, the Defendant, GRUNDY, was a physician duly licensed under the laws of the State of Illinois, and was engaged in the practice of his profession in the City of Chicago, County of Cook, and State of Illinois.

40. That in or about July, 2008, and for some time prior and subsequent thereto, the Plaintiff was a patient under the care and treatment of the Defendant, GRUNDY.

41. That on or about October 6, 2008, and for some time prior and subsequent thereto, the Plaintiff entrusted herself entirely to the care of the Defendant.

42. That at all times material herein, the Plainiff was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

43. That on or about October 6, 2008, and for some time prior and subsequent thereto, the Defendant, GRUNDY, did have come under his care and did schedule a cerclage to be performed upon the Plaintiff.

44. That there was a duty on the part of the Defendant, GRUNDY, to diagnose and treat the Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Chicagoland area in the year 2008, and to exercise that degree of care and caution commonly exercised by other members of their profession in the community.

45. That after assuming the care and treatment of the Plaintiff, the Defendant, GRUNDY, was then and there guilty of one or more of the following wrongful acts and/or omissions:

    (a) Carelessly and negligently failed to properly provide prenatal care to Plaintiff;
    (b) Carelessly and negligently failed to perform proper and adequate tests upon Plaintiff;
    (c) Carelessly and negligently failed to take a proper and thorough medical history of the Plaintiff;
    (d) Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable to their profession;
    (e) Carelessly and negligently failed to adequately evaluate Plaintiff's pregnancy;
    (f) Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's prenatal care;
    (g) Carelessly and negligently performed an inadequate working diagnosis on the Plaintiff, resulting in premature labor and delivery which caused the death of her child;
    (h) Carelessly and negligently canceled Plaintiff's appointment for a cerclage and inappropriately re-scheduled it past the date recommended for the procedure, resulting in premature labor and delivery which caused the death of the child.
    (i) Carelessly and negligently provided inadequate prenatal care and treatment to the Plaintiff by not timely performing a cerclage resulting in premature labor and delivery which caused the death of the child.

46. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, GRUNDY, the Plaintiff, LORI RICE was then and there injured both internally and externally; that she suffered from the loss of her child, Miriam; that Plaintiff, LORI RICE sustained severe shock and damage to her nervous system and other systems of her body; that she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

47. That the Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

WHEREFORE, Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court that a Judgment be entered in their favor and against the Defendant, HOWARD GRUNDY, M.D., in an amount in excess of $50,000.00 plus Plaintiffs' costs herein as well as such further and other relief for Plaintiffs as this Honorable Court deems just and equitable in the premises.

## COUNT VIII

1-47. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 47 of Count VII as paragraphs 1 through 47 of Count VIII as though fully set forth herein.

48. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, HOWARD GRUNDY, M.D., Decedent suffered excruciating pain and mental anguish which, pursuant to *755 ILCS 5/27-6* the cause of action resulting from said pain and suffering has survived Decedent's death.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, HOWARD GRUNDY, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT IX

1-48. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 48 of Count VIII as paragraphs 1 through 48 of Count IX as though fully set forth herein.

49. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, HOWARD GRUNDY, M.D., MARIAM MOCZULEWSKI sustained ill health, hereinabove set forth, from which she died on November 10, 2008

50. That by reason of Decedent's wrongful death, Decedent's Estate has sustained a substantial pecuniary loss as well as a substantial loss of society and services.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, HOWARD GRUNDY, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT X

1-50. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 50 of Count IX as paragraphs 1 through 50 of Count X as though fully set forth herein.

51. That during the year 2008, and at all times relevant herein, the Defendant, MERRITT, was a physician duly licensed under the laws of the State of Illinois, and was engaged in the practice of his profession in the City of Chicago, County of Cook, and State of Illinois.

52. That in or about July, 2008, and for some time prior and subsequent thereto, the Plaintiff was a patient under the care and treatment of the Defendant, MERRITT.

53. That on or about October 6, 2008, and for some time prior and subsequent thereto, the Plaintiff entrusted herself entirely to the care of the Defendant.

54. That at all times material herein, the Plaintiff was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

55. That on or about October 6, 2008, and for some time prior and subsequent thereto, the Defendant, MERRITT, did have come under his care and did schedule a cerclage to be performed upon the Plaintiff.

56. That there was a duty on the part of the Defendant, MERRITT, to diagnose and treat the Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Chicagoland area in the year 2008, and to exercise that degree of care and caution commonly exercised by other members of their profession in the community.

57. That after assuming the care and treatment of the Plaintiff, the Defendant, MERRITT, was then and there guilty of one or more of the following wrongful acts and/or omissions:

(a) Carelessly and negligently failed to properly provide prenatal care to Plaintiff;
(b) Carelessly and negligently failed to perform proper and adequate tests upon Plaintiff;
(c) Carelessly and negligently failed to take a proper and thorough medical history of the Plaintiff;
(d) Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable to their profession;
(e) Carelessly and negligently failed to adequately evaluate Plaintiff's pregnancy;
(f) Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's prenatal care;
(g) Carelessly and negligently performed an inadequate working diagnosis on the Plaintiff, resulting in premature labor and delivery which caused the death of her child;
(h) Carelessly and negligently canceled Plaintiff's appointment for a cerclage and inappropriately re-scheduled it past the date recommended for the procedure, resulting in premature labor and delivery which caused the death of the child.
(i) Carelessly and negligently provided inadequate prenatal care and treatment to the Plaintiff by not timely performing a cerclage resulting in premature labor and delivery which caused the death of the child.

58    That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, MERRITT, the Plaintiff, LORI RICE was then and there injured both internally and externally; that she suffered from the loss of her child, Miriam; that Plaintiff, LORI RICE sustained severe shock and damage to her nervous system and other systems of her body; that she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

59.    That the Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

**WHEREFORE,** Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court that a Judgment be entered in their favor and against the Defendant, MELVIN MERRITT, M.D., in an

amount in excess of $50,000.00 plus Plaintiffs' costs herein as well as such further and other relief for Plaintiffs as this Honorable Court deems just and equitable in the premises.

## COUNT XI

1-59. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 59 of Count X as paragraphs 1 through 59 of Count X as though fully set forth herein.

60. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, MELVIN MERRITT, M.D., Decedent suffered excruciating pain and mental anguish which, pursuant to *755 ILCS 5/27-6* the cause of action resulting from said pain and suffering has survived Decedent's death.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, MELVIN MERRITT, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT XII

1-60. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 60 of Count XI as paragraphs 1 through 60 of Count XII as though fully set forth herein.

61. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, MELVIN MERRITT, M.D., MARIAM MOCZULEWSKI sustained ill health, hereinabove set forth, from which she died on November 10, 2008

62. That by reason of Decedent's wrongful death, Decedent's Estate has sustained a substantial pecuniary loss as well as a substantial loss of society and services.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, MELVIN MERRITT, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT XII

1-62. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 62 of Count XII as paragraphs 1 through 62 of Count XIII as though fully set forth herein.

63. That during the year 2008, and at all times relevant herein, the Defendant, CHARLES LAMPLEY, M.D. ("hereinafter "LAMPLEY"), was a physician duly licensed under the laws of the State of Illinois, and was engaged in the practice of his profession in the City of Chicago, County of Cook, and State of Illinois.

64. That in or about July, 2008, and for some time prior and subsequent thereto, the Plaintiff was a patient under the care and treatment of the Defendant, LAMPLEY.

65. Tat on or about October 6, 2008, and for some time prior and subsequent thereto, the Plaintiff entrusted herself entirely to the care of the Defendant.

66. That at all times material herein, the Plaintiff was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

67. That on or about October 6, 2008, and for some time prior and subsequent thereto, the Defendant, LAMPLEY, did have come under his care and did schedule a cerclage to be performed upon the Plaintiff.

68. That there was a duty on the part of the Defendant, LAMPLEY, to diagnose and treat the Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Chicagoland area in the year 2008, and to exercise that degree of care and caution commonly exercised by other members of their profession in the community.

69. That after assuming the care and treatment of the Plaintiff, the Defendant, LAMPLEY, was then and there guilty of one or more of the following wrongful acts and/or omissions:

    (a) Carelessly and negligently failed to properly provide prenatal care to Plaintiff;
    (b) Carelessly and negligently failed to perform proper and adequate tests upon Plaintiff;
    (c) Carelessly and negligently failed to take a proper and thorough medical history of the Plaintiff;

(d) Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable to their profession;
(e) Carelessly and negligently failed to adequately evaluate Plaintiff's pregnancy;
(f) Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's prenatal care;
(g) Carelessly and negligently performed an inadequate working diagnosis on the Plaintiff, resulting in premature labor and delivery which caused the death of her child;
(h) Carelessly and negligently canceled Plaintiff's appointment for a cerclage and inappropriately re-scheduled it past the date recommended for the procedure, resulting in premature labor and delivery which caused the death of the child.
(i) Carelessly and negligently provided inadequate prenatal care and treatment to the Plaintiff by not timely performing a cerclage resulting in premature labor and delivery which caused the death of the child.

70. That as a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, LAMPLEY, the Plaintiff was then and there injured both internally and externally; that she suffered from the loss of her child, Miriam; that Plaintiff sustained a severe shock and damage to her nervous system and other systems of her body; tat she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

71. That the Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

**WHEREFORE,** Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court that a Judgment be entered in their favor and against the Defendant, CHARLES LAMPLEY, M.D., in an amount in excess of $50,000.00 plus Plaintiffs' costs herein as well as such further and other relief for Plaintiffs as this Honorable Court deems just and equitable in the premises.

17

## COUNT XIV

1-71. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 71 of Count XIII as paragraphs 1 through 67 of Count XIV as though fully set forth herein.

72. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, CHARLES LAMPLEY, M.D., Decedent suffered excruciating pain and mental anguish which, pursuant to *755 ILCS 5/27-6* the cause of action resulting from said pain and suffering has survived Decedent's death.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, CHARLES LAMPLEY, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT XV

1-72. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 72 of Count XIV as paragraphs 1 through728 of Count XV as though fully set forth herein.

73. That as a direct and proximate result of one or more of the negligent acts or omissions of Defendant, CHARLES LAMPLEY, M.D., MARIAM MOCZULEWSKI sustained ill health, hereinabove set forth, from which she died on November 10, 2008

74. That by reason of Decedent's wrongful death, Decedent's Estate has sustained a substantial pecuniary loss as well as a substantial loss of society and services.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendant, CHARLES LAMPLEY, M.D., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT XVI

1-74. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 74 of Count IX as paragraphs 1 through 74 of Count XVI as though fully set forth herein.

75. That as a direct and proximate result of the foregoing negligent acts or omissions of the Defendants, and each of them, Decedent's Estate became obligated for various sums of money for the medical bills and funeral expenses of the Decedent, pursuant to *750 ILCS 65/15*.

WHEREFORE, the Plaintiffs, LORI RICE, MIRIAM MOCZULEWSKI, by Special Administrator Lori Rice, and PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendants, ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, HOWARD GRUNDY, M.D., MELVIN MERRITT, M.D., CHARLES LAMPLEY, M.D., and MT. SINAI HOSPITAL, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

## COUNT XVII

1-75. Plaintiffs restate and adopt the allegations contained in paragraphs 1 through 75 of Count XVI as paragraphs 1 through 75 of Count XVII as though fully set forth herein.

76. That at all times herein material, Plaintiff, PAUL MOCZULEWSKI was the lawfully wedded husband of Plaintiff, LORI RICE.

77. That prior to the incident complained of, the Plaintiff, LORI RICE provided to her husband, Plaintiff, PAUL MOCZULEWSKI, society, companionship, love, affection, and support.

78. That as a direct and proximate result of the aforementioned wrongful acts and/or omissions of Defendants, Plaintiff, PAUL MOCZULEWSKI has been and will in the future be deprived of the society, companionship, love, affection and support of her husband, LORI RICE, all to her pecuniary loss.

WHEREFORE, the Plaintiff, PAUL MOCZULEWSKI, prays this Honorable Court enter judgment in their favor and against Defendants, ACCESS COMMUNITY HEALTH NETWORK, an Illinois not-for-profit corporation, HOWARD GRUNDY, M.D., MELVIN MERRITT, M.D., CHARLES LAMPLEY, M.D., and MT. SINAI HOSPITAL, in an amount in

excess of Fifty Thousand ($50,000.00) Dollars, plus Plaintiff's costs herein, plus such further and other relief as is just and equitable in the premises.

　　　　　　　　　　　　　　　　　　　　　　　／s/ James A. Karamanis

ZANE D. SMITH & ASSOCIATES, LTD.
415 N. LaSalle Street
Suite 300
Chicago, Illinois 60654
(312) 245-0031
(312) 245-0022 - Fax